UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD HORNING,                    )<br>                                  )<br>            Plaintiff,            )<br>                                  )<br>       v.                         )<br>                                  )<br>DOCTOR LAOUSOR, Head of Medical,)<br>                                  )<br>            Defendants.           )<br>_____) | NO. EDCV 11-01233 SJO (SS)<br><br>**MEMORANDUM AND ORDER DISMISSING**<br><br>**COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On August 16, 2011, plaintiff Chad Horning ("Plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") against the head of the medical unit at Robert Presley Detention Center ("RPDC"), where Plaintiff currently resides. For the reasons stated below, the Complaint is dismissed with leave to amend.[1]

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

1    Congress mandates that district courts initially screen civil
2 complaints filed by prisoners seeking redress from a governmental entity
3 or employee.  28 U.S.C. § 1915A(a).  This Court may dismiss such a
4 complaint, or any portions thereof, before service of process if the
5 Court concludes that the complaint (1) is frivolous or malicious,
6 (2) fails to state a claim upon which relief can be granted, or
7 (3) seeks monetary relief from a defendant who is immune from such
8 relief.  28 U.S.C. § 1915A(b)(1)-(2); see also Lopez v. Smith, 203 F.3d
9 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

**II.**

**ALLEGATIONS OF THE COMPLAINT**

   The Complaint appears directed at a single defendant, although the identity of the defendant is unclear.  The caption of the Complaint names "Doctor Laousor or Head of Medical Unknown," while the body of the Complaint identifies the defendant as "Doctor Aries or Head of Medical Unknown" ("Defendant").  (Complaint at 1, 3).[2]  Defendant is sued in his individual capacity.  (Id. at 3).

   Plaintiff's allegations are difficult to decipher, in part because the photocopy of the Complaint is often illegible and in part because the underlying facts and nature of Plaintiff's claims are unclear.  The gravamen of Plaintiff's claims, however, appears to be that Plaintiff has received inadequate medical care at RPDC since June 2011.  (Complaint at 5-7).  Plaintiff generally claims that Defendant has

---

   [2] The Court will cite to the pages of the Complaint as though they were consecutively numbered.

violated his "right to expect to be treated as a human being . . . [and his] right to health care . . . and medication at proper intervals. The right to grieve [sic]." (Id. at 5). Specifically, Plaintiff states that he has not been given a list of his prescriptions so that he can monitor that he is receiving all of his medications timely and in the proper dosage. (Id. at 6). Plaintiff claims that on five occasions, June 21, 2011 and July 4, 8, 19, and 20, 2011, he did not receive any of his regular daily medications, and that from July 16 to July 18, 2011, the prison did not provide him with the correct dosage of his blood pressure medicine. (Id.). Plaintiff states that even though he is diabetic, the "medical staff refuses to check [his] blood sugar and blood pressure regularly." (Id.). Although Plaintiff informed prison deputies and medical staff of these problems, he has been told "there is no remedy." (Id. at 6-7). Plaintiff filed a grievance with respect to the June 21 incident and claims that he has attempted to file additional grievances, but deputies allegedly told him that the prison does not have any more grievance forms. (Id. at 6).

Plaintiff seeks an injunction requiring RPDC to increase its medical staff and to provide Plaintiff with his "full medication." (Id. at 8). Plaintiff also seeks compensatory damages of $100,000.00, punitive damages of $1,000,000.00, and "[w]hatever else the court deems necessary." (Id.).

**III.**

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. See Lopez, 203 F.3d at 1128-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A.   Defendant Fails To State A Claim For Deliberate Indifference To Serious Medical Needs**

The gravamen of Plaintiff's Complaint is his claim based upon inadequate medical care. To assert a claim under section 1983 "based on prison medical treatment, an inmate must show [that the defendant acted with] deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted). An "inadvertent or negligent failure to provide adequate medical care alone does not state a claim under § 1983." Id. (internal brackets and quotation marks omitted). Rather, the defendant must have "purposefully ignore[d] or fail[ed] to respond to a prisoner's pain or possible medical needs in order for deliberate indifference to be established." May v. Baldwin, 109 F.3d 557, 566 (9th Cir. 1997) (internal quotation marks omitted). "[I]solated occurrences of neglect do not amount to a constitutional violation" under section 1983. O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

4

Here, Plaintiff alleges that on five occasions in June and July 2011, he did not receive any of his prescribed medications, that for one weekend the dosage of his blood pressure medication was too low, and that his glucose levels and blood pressure are not checked "regularly." (Complaint at 5-6). Plaintiff has not alleged facts showing that Defendant, or any other person on the medical staff, acted with "deliberate indifference" to his serious medical needs. "Although [isolated incidents of neglect] may constitute grounds for a medical malpractice claim, prison officials' failures to provide adequate medical care do not rise to the level of 'unnecessary and wanton infliction of pain' which is 'repugnant' to the Constitution and 'the conscience of mankind.'" O'Loughlin, 920 F.2d at 617 (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976)). Plaintiff must allege facts, if he can, that establish that Defendant knew of and purposefully acted or failed to respond to his serious medical needs. Accordingly, the Complaint must be dismissed with leave to amend.

### B. Plaintiff Fails To State A Claim To The Extent That He Is Suing Defendant Due To His Role As A Supervisor Of Other Employees

To state a cause of action under section 1983 against an individual defendant, the plaintiff must establish that the defendant had personal involvement in the civil rights violation or that his action or inaction caused the harm suffered. Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011). Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior, that is, merely because they are supervisors of the

5

individuals who allegedly caused the plaintiff harm.  See <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).  Rather, "liability [may be] imposed against a supervisory official in his individual capacity [only] for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others."  <u>Preschooler II v. Clark County Bd. of Trustees</u>, 479 F.3d 1175, 1183 (9th Cir. 2007).

Plaintiff appears to allege that Defendant, as head of the medical unit at RPDC, is liable for the actions of the medical staff.  (Complaint at 6).  However, the Complaint fails to include specific allegations that Defendant was <u>directly</u> involved in these purported constitutional violations.  Plaintiff must allege specific facts showing what Defendant personally did or did not do, when and where, and how his action or inaction <u>directly</u> caused a violation of Plaintiff's civil rights.  Accordingly, the Complaint must be dismissed with leave to amend.

**C.  The Denial Of A Grievance Or The Failure To Provide Grievance Forms Fails To State A Claim**

The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust his administrative remedies before filing a lawsuit concerning prison conditions."  <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 821 (9th Cir. 2010) (citing 42 U.S.C. § 1997e(a)).  However, denial of a grievance, without more, is insufficient to establish liability under section 1983.  <u>See</u>

6

1  Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).  Additionally,
2  there is no constitutional right to a particular grievance process.
3  Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 130
4  n.6, 97 S. Ct. 2532, 53 L. Ed. 2d 620 (1977); Mann v. Adams, 855 F.2d
5  639 (9th Cir. 1988).  The remedy when prison officials improperly impede
6  a prisoner's ability to file an administrative grievance is for the
7  court to exempt the prisoner from the PLRA's exhaustion requirement.
8  See, e.g., Sapp, 623 F.3d at 823-24 (prison officials' "improper
9  screening of an inmate's administrative grievances renders
10 administrative remedies 'effectively unavailable' such that exhaustion
11 is not required under the PLRA") (citing cases).

13      Here, Plaintiff states that he has attempted to file additional
14 grievances concerning his medical treatment but that since July 5, 2011,
15 "deputies just tell [him] we don't have any more."  (Complaint at 6).
16 Plaintiff further states that he has informed deputies and medical staff
17 of the problems with his medical care but "there has been no remedy as
18 of yet."  (Id. at 7).  While these facts may be relevant to counter a
19 defense of failure to exhaust administrative remedies, Plaintiff is
20 cautioned that they do not state a separate claim under section 1983.

22 **D.   Plaintiff May Conduct Discovery To Identify The Full Name Of The**
23 **     "Unknown" Defendant**

25      Generally, actions against "unknown" defendants are disfavored.
26 Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  A plaintiff
27 may sue unnamed defendants when the identity of the alleged defendants
28 is not known prior to the filing of the complaint.  Gillespie v.

Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  In such a situation, a court gives the plaintiff "the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  Id.  A plaintiff must diligently pursue discovery to learn the identity of unnamed defendants.

The Complaint is unclear as to who the Defendant is:  the caption names "Doctor Laousor," the body of the Complaint names "Doctor Aries," and both qualify the identification of Defendant by following the name with "or Head of Medical Unknown."  (Complaint at 1, 3).  This is clearly insufficient information to give notice to Defendant and for the Complaint to be served.  Accordingly, if Plaintiff does not know the name of the "unknown" Defendant, Plaintiff may submit interrogatories to the Robert Presley Detention Center to determine the name of the unknown Defendant.  **Plaintiff's discovery shall be served pursuant to Federal Rule of Civil Procedure 31, a copy of which is attached to this Order**.  Plaintiff must limit the scope of any discovery request to learning the full name of the "unknown" Defendant, identified in the Complaint as "Head of Medical" at RPDC.

**E.   The Complaint Fails To Satisfy Federal Rule of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167

L. Ed. 2d 929 (2007). Rule 8(e)(1) instructs that "[e]ach averment of a pleading shall be simple, concise, and direct." A complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint. <u>United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1059 (9th Cir. 2011).

Plaintiff's Complaint does not comply with the standards of Rule 8. Plaintiff's vague claims fail to clearly identify the nature of his claim or claims, the incident giving rise to each individual claim, and the specific defendant (or defendants) Plaintiff believes are liable for each of those claims. The Complaint therefore fails to provide Defendant with fair notice of the claims in a short, clear and concise statement. <u>See</u> <u>Twombly</u>, 550 U.S. at 555. Accordingly, the Complaint is dismissed with leave to amend.

## IV.
## CONCLUSION

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **forty-five (45) days** from the date of this Memorandum and Order within which to complete discovery of the "unknown" Defendant and file a First Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the original Complaint.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>**. In any amended complaint, the Plaintiff should make clear the nature and grounds for each claim and specifically identify the defendants he maintains are liable for that claim. In addition, each page of the First Amended Complaint must be legible and consecutively numbered.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.</u>**

DATED: November 1, 2011

/S/
_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE